# Richmond.

NORFOLK & WESTERN RAILWAY CO. v. BOARD OF PUBLIC WORKS.

MARCH 23, 1899.

Absent, Cardwell, J.

1. TAXATION—*Tugs and Barges—Situs for Taxation—Interstate Commerce—Case in Judgment.*—The fact that tugs and barges are engaged in interstate commerce does not exempt them from taxation; nor does the place of their enrollment or registration fix their situs for taxation, though it is a circumstance to be considered. In the case in judgment, they are owned by a Virginia corporation, are used exclusively in the transportation of coal from a given point in this State to various points in other States, and are not assessed for taxation elsewhere in or out of the State of Virginia. Under these circumstances, they are properly taxable in this State, in the county where they are always loaded.

Error to a judgment of the Circuit Court of the city of Richmond rendered February 9, 1898, on an application to correct an erroneous assessment for taxation wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Amended and affirmed.*

The opinion states the case.

*Robert M. Hughes, Frederick M. Leonard* and *Joseph I. Doran,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the defendant in error.

KEITH, P., delivered the opinion of the court

The Norfolk & Western Railway Company filed its petition in the Circuit Court of the city of Richmond asking to be relieved from an assessment upon certain of its properties, consisting of two tugs and six barges assessed for taxation in the city of Norfolk, by the Board of Public Works of Virginia, which is made a party defendant. It is not claimed that the valuation placed upon this property of $140,000 is excessive, but the contention is that the entire assessment is illegal because the property is not subject to taxation in this State.

It appears that the tugs and barges are enrolled in the city of Philadelphia, in the name of the Secretary of the plaintiff in error, but it is also true that the plaintiff in error, the Norfolk & Western Railway Company, is a Virginia corporation; that it is largely engaged in the movement of coal from mines in Southwest Virginia and West Virginia to Lambert's Point, in the county of Norfolk, and thence by means of tugs and barges to New York, New Haven, Providence, and Boston, but they never go to Philadelphia. It further appears that this property is not assessed for taxation in Pennsylvania, nor indeed elsewhere than in Virginia. When in Virginia they remain at Lambert's Point, the tugs, however, sometimes going to Norfolk for necessary supplies. At Lambert's point, they are loaded with coal for the several markets above mentioned. It appears that they are never loaded elsewhere than at Lambert's Point; that there are no facilities for loading them at Norfolk, and that they are exclusively engaged in the transportation of coal.

That these tugs and barges are engaged in interstate commerce does not exempt them from taxation; nor does the place of their enrollment or registration fix their situs for taxation, though it is a circumstance to be considered in its determination. The facts, in our judgment, clearly show that the property in question is owned, and may be lawfully taxed, in this State, but we are further of opinion that it should have been assessed for taxation in the county of Norfolk, within whose limits Lambert's Point is situated.

We do not consider that the plaintiff in error is aggrieved by the judgment of which it complains, and we will direct an order to be entered amending and affirming .it in accordance with the views herein expressed.

*Amended and affirmed.*